Taliaferro, J.
The plaintiff sues the defendants on a promissory note for the sum of $774 34. The intervenors claim to he the owners of the note and oppose the payment of it to the plaintiff. There was judgment in the court below in favor of the plaintiff and the intervenors have appealed. The defendants appear to be mere stakeholders in the controversy. Callender & Hunter were commercial partners doing business in New Orleans. Golsan Brothers in some transaction with Callender, not in any manner connected with the partnership business of Hunter & Callender, became indebted to Callender individually, and gave him two promissory notes each for the above sum ; one of the notes fell due twelfth January, 1873, and the other on the twelfth July following. The firm of Hunter & Callender, it appears, was pressed for money during the latter part of the year 1872, and both members of the firm being in England about that time, Callender according to his statement, instructed Hunter, who preceded him a short time in returning to New Orleans, to negotiate one of the notes (the one to become due on the first of January) and apply the proceeds to partnership purposes. Hunter negotiated both the notes to the intervenors. He states in his testimony that he was authorized to sell both the notes. The authorization to .sell was verbal. On the return of Callender to New Orleans, finding the notes were both negotiated to Jackson & Manson the intervenors, he notified Golsan Brothers not to pay the note last falling due, the one sued upon, to Jackson & Manson, claiming the ownership of the note himself. Golsan Brothers deposited the amount of the note in the Hibernia Bank when it became due for the benefit of the party legally entitled to it. The intervenors *312 assume the position of holders for value before maturity, and without notice of equity between prior parties. Some evidence was introduced for the purpose of showing that the note was not acquired Iona fide by the intervenors. A witness stated that he heard a conversation in Hunter’s office between Hunter and Jackson, one of the intervenors, in which Hunter expressed an apprehension that Callender would sue him for a note, that Jackson said “ let him sue, we can keep him out of it for four years.”
It seems that the partnership between Hunter and Callender was dissolved in January, 1873, and that the note was passed off after the dissolution. The notes appear to have been indorsed with the firm name.
Under the state of facts presented, and the contradictory character of the testimony, we are unable to conclude that the intervenors do not occupy the position they claim, and that they should not be protected.
It is therefore ordered that the judgment of the district court be annulled and reversed. It is further ordered and adjudged that the intervenors be and they are hereby recognized as the legal and proper owners of the proceeds of the note sued upon, and that the same be paid over to them. It is further ordered that the plaintiff’s claim be rejected, and that he pay costs in both courts.
Mr. Justice Wyly was absent and took no part in this decision.